UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 1:02-cr-00127-JMS-KPF |
| CURTIS GRAVES, | ) -01 | |
| Defendant. | ) | |

# ORDER

Defendant Curtis Graves, represented by counsel, moves under § 404(b) of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) for a reduction of his sentence 360 months to 205 months, which if granted would result in his immediate release, as well as a reduction in his term of supervised release from 5 to 4 years. The government opposes the motion. For the reasons detailed below, the motion to reduce Mr. Graves term of imprisonment, dkt [14], is <u>GRANTED</u>. All other provisions of the November 30, 2005, Judgment including the imposition of a 5-year term of supervised release remain in effect. See dkt. 1-3.

## **Background**

On September 11, 2002, Mr. Graves was indicted in Counts One and Two for distribution of 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Dkt. 1, 1-1. Following a jury trial, on February 3, 2004, the jury convicted Mr. Graves on both counts. *Id.* He was sentenced on September 9, 2004, to 360 months imprisonment, i.e. 360 months on each

count to run concurrently, and 5 years supervised release on each count to be served concurrently.

On appeal, Mr. Graves' convictions were affirmed, but his sentence was vacated and remanded following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On November 28, 2005, a resentencing was held, and the Court imposed the same sentence.

On January 31, 2020, Mr. Graves, by counsel, filed the instant motion for a reduced sentence under § 404(b) of the First Step Act of 2018, seeking a sentence reduction. The United States has opposed the motion.

## **Legal Analysis**

**I.     Applicable Law**

In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), to address harsh sentencing disparities between crack cocaine offenses and powder cocaine offenses resulting from irrational and "unjustified race-based differences" in federal sentencing between those types of cases. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012).

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 115th Cong. § 404 (2018). Section 404 reads as follows:

(a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

In other words, the First Step Act permits this Court to impose a reduced sentence for certain offenses that were committed before August 3, 2010, in accordance with the Fair Sentencing Act of 2010, if no such reduction was previously granted. §§ 404(b), (c).

Mr. Graves hopes to benefit under these statutes because both of his convictions involve crack cocaine. He has been imprisoned since December 6, 2002, and has not received prior relief under the Fair Sentencing Act.

**II. Discussion**

Mr. Graves argues that he is eligible for a sentence reduction under the plain language of § 404 the First Step Act because (1) the statutory penalties he received were modified by § 2 of the Fair Sentencing Act of 2010; (2) his drug offenses were committed prior to the enactment of the Fair Sentencing Act of 2010; and (3) Mr. Graves has not previously sought relief under § 404 nor has Mr. Graves been denied relief after a full review of a § 404 motion. §§ 404 (a), (c).

The United States does not dispute that Mr. Graves is eligible for relief under the First Step Act, instead it opposes any reduction on grounds that Mr. Graves's violent criminal history and status as a career offender reflects that his currently imposed sentence of 360 months imprisonment is appropriate.

Upon review of the parties' arguments and the relevant caselaw, the Court finds that Mr. Graves is eligible for relief under the First Step Act because he was convicted of a "covered offense" which was committed prior to the enactment of the Fair Sentencing Act of 2010 for which he has not previously sought relief under § 404 or been denied relief "after a complete review of the motion on the merits." §§ 404(a), (c). Specifically, Mr. Graves was convicted of two counts of distribution of 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Mr. Graves is eligible for relief under the plain language of the First Step Act because the statutory penalty for conspiracy to distribute 50 grams or more of crack cocaine was modified by § 2 of the Fair Sentencing Act. As a result the Court, has the discretion to impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Under the Fair Sentencing Act, Counts 1 and 2 now carry 5-year mandatory minimum sentences, and maximum terms of 40 years imprisonment. The mandatory minimum terms of supervised release are now 4 years. The guideline range at the time Mr. Graves was sentenced was 360 months to life. The current guideline range is 262 to 327

months. Mr. Graves has requested a below-guidelines sentence of 205 months, which would result in his immediate release.

When the Court imposes a sentence, the Court is to consider the factors contained in 18 U.S.C. § 3553(a). Specifically, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). The Court:

> [S]hall consider . . . (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §§ 3553(a)(1), (2).

Having considered the § 3553(a) factors along with the current applicable Sentencing Guidelines range, as well as, all other pertinent information about the offender's history and conduct, including post-offense conduct, this Court finds that Mr. Graves's sentence shall be reduced to a term of 205 months. Given the below guidelines nature of the revised sentence of imprisonment, the Court considers if appropriate that his term of supervised release shall remain five years.

The Courts finds that the 205-month term of imprisonment is a significant sentence and is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to punish Mr. Graves for the offense. Mr. Graves criminal history as a gang member involved in violent offenses for which he served a year on Indiana probation, is indeed

serious. But the Court finds it is offset by Mr. Graves conduct and efforts to rehabilitate himself while in prison over the past 17 years. He has demonstrated diligence in working to rehabilitate himself by participating in academic, hobby-related, healthy living, vocational, and life skills programs, including completion of a drug education course. In addition, he has supplied letters of support that reflect that Mr. Graves has family and friends in the community willing to help him transition to life outside of prison. It is for these reasons that the Court finds that the career offender enhancement included in the guideline calculation now overstates the danger Mr. Graves presents to the community and the need for deterrence. Mr. Graves will now be in a position to take advantage of additional programming available outside of prison and to re-enter society as a productive member.

Mr. Graves 17-year period of incarceration is sufficient to afford adequate deterrence to criminal conduct and has protected the public from further crimes by Mr. Graves. Mr. Graves will turn 46 years of age this year and the Court believes he is unlikely to return to the criminal activity he departed from 17 years ago.

The Court declines, however, to reduce Mr. Graves term of supervised release because additional supervision will assist Mr. Graves in staying on track given his reduced term of incarceration. In addition, if Mr. Graves continues his positive adjustment, he can seek early termination.

**The Court ORDERS the following:**

Mr. Graves previously imposed sentence of imprisonment of 360 months on Counts 1 and 2 is reduced to 205-months, concurrent. His amended sentence is 205 months. The supervised release term of 5 years remains unchanged.

The conditions of supervised release set forth in the November 30, 2005, Judgment are to remain in effect. *See* dkt 1-3.

**IT IS SO ORDERED.**

Date: 2/12/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Loren Jay Comstock
lorenjcomstock1@yahoo.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Kimberly Shawntee Robinson
atty.robinson@icloud.com

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org